### MARSCH v. SEIBERT et al., Board of Fire Com'rs.

(Supreme Court, Special Term, Erie County.    October, 1915.)

1. MUNICIPAL CORPORATIONS ☞992—TAXPAYERS—RIGHTS OF—FIRE DEPARTMENT.

As the theory of a taxpayer's action is that the taxpayer as the ultimate bearer of the burdens of the municipality shall have a remedy against illegal official acts tending to waste the property of the public, a taxpayer is not entitled to an injunction to restrain the board of fire commissioners from requiring firemen to paint engine houses and apparatus, on the ground it would expose them to turpentine when they might be called to fires; it appearing that the painting was required in good faith for the purpose of economy.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2157; Dec. Dig. ☞992.]

2. MUNICIPAL CORPORATIONS ☞992—INJUNCTIONS—FIRE DEPARTMENT.

As the same reasons against requiring firemen to do the work would apply, whether it was voluntarily done or required, an injunction will not be granted, preventing the commissioners from compelling firemen to do such work, but allowing them to have firemen do the painting in case they consent, because it would seriously affect discipline.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2157; Dec. Dig. ☞992.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Alvin J. Marsch against Simon Seibert and others, constituting the Board of Fire Commissioners. On motion for injunction. Motion denied.

Sullivan, Bagley & Wechter, of Buffalo, for plaintiff.

William S. Rann, of Buffalo, for defendants.

MARCUS, J. This is an action brought by a taxpayer to restrain the board of fire commissioners from permitting city employés in the fire department from doing work for the city of Buffalo regarded by the defendants as necessary. The plaintiff insists that the defendants should be restrained from exercising any power of direction whereby the members of the fire department of the city of Buffalo are required to paint the fire houses or the fire apparatus on the streets of this city, upon the ground that it is not within the power of the board of fire commissioners to demand such service of the members of the fire department.

Since the motives of the plaintiff in bringing this action are of no consequence, it may be unnecessary to mention what the court believes inspired this proceeding. It is urged by the plaintiff that the painting is done under compulsion, and that unless the defendants are restrained the members of the fire department will not voluntarily do this service; that they should not be required to perform such work, because it takes them from the business for which the city employs them; that it subjects them to the action of paint and turpentine upon their eyes at a time when the fire alarm may be sounded; that an injunction should be granted restraining the defendants from any order or act of compulsion with reference to the painting; and that it should be left to the firemen to perform this service voluntarily, if performed at all.

It appears that ever since the fire department was established it has been the custom and the duty of the firemen to lodge in the department buildings and to remain upon the premises thereof for at least 21 out of the 24 hours of each day, except when they are away on duty. It further appears that no provision for janitor service for the buildings was ever made; that the men are required to air and make their beds, keep their dormitories scrupulously clean, and remove snow and ice from the walks, gutters, and roofs, by virtue of rules promulgated by the defendants, which ultimately have the force and effect of ordinances when approved by the common council, as has been done with reference to their rules now in force.

[1] Under the charter of the city of Buffalo, the defendants have the control and management of the department and may make and enforce rules and regulations for the government of the officers and employés thereof (Charter, §§ 252, 254), and for years it seems to have been customary in this city to have the firemen paint the fire houses and fire boxes. Aside from any legal principle that may be found to control the disposition of this case, it occurs to the court that, if the members of the fire department should at any time object to this form of labor upon the ground that it is without the scope of their employment and is work that was never designed for firemen to do, that

question must be raised by them, and can be of no advantage to the plaintiff in this action. I am, however, of the opinion that a taxpayer's action will not lie in this case. The very theory of a taxpayer's action is that the taxpayer, as the ultimate bearer of the burdens of a municipality, shall have a remedy against the illegal official acts which tend to waste the property of the public and to impose unjust burdens on the taxpayers. Queens County Water Co. v. Monroe, 83 App. Div. 105, 82 N. Y. Supp. 610.

"The terms 'waste' and 'injury,' used in this statute, comprehended only illegal, wrongful, or dishonest official acts, and were not intended to subject the official action of boards, officers, or municipal bodies, acting within the limits of their jurisdiction and discretion, but which some taxpayer might conceive to be unwise, improvident, or based on errors of judgment, to the supervision of judicial tribunals." Talcott v. City of Buffalo, 125 N. Y. 286, 26 N. E. 264.

Manifestly there is no waste or improvidence resulting from the official acts complained of in this action, whereby money is presumably saved, instead of expended. To justify the bringing of a taxpayer's action, some improper motive of an officer is essential. The act complained of need not be corrupt, in the sense of not being induced by a desire for pecuniary gain; but it must be done to accomplish some purpose foreign to the interest of the municipality, which is tantamount to fraud. Bad judgment, even gross incompetency, is not bad faith. Hearst v. McClellan, 102 App. Div. 336, 92 N. Y. Supp. 484; Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Ziegler v. Chapin, 126 N. Y. 342, 27 N. E. 471; Dunning v. Orange County, 139 App. Div. 249, 124 N. Y. Supp. 107.

The facts in this matter lead me irresistibly to the conclusion that the only possible motive that the defendants have in permitting the members of the fire department to do this painting is one of economy for the taxpayers; and, without any discussion as to the good faith of this proceeding, the court is of the belief that the acts and directions of the fire commissioners in this regard should be commended, since by no manner of reasoning can it be said that their acts are either illegal or wasteful in the control and management of the fire department, when they call upon their employés to repair engines, hose, wagons, ladders, and other apparatus of the department, or paint them.

[2] It has been suggested that the court enjoin the fire commissioners from compelling the men to do the painting, and allow them to do the work only if it is done voluntarily. It is the opinion of the court that such an injunction would seriously affect the discipline and order of the department. Moreover, every objection urged in this matter would be equally effective, whether the work was done by direction or done voluntarily, besides seriously affecting the entire discipline of an important department.

For the foregoing reasons, the motion for an injunction herein is denied.